```
Scott P. Jang (SBN 260191)
Trey Sims (SBN 327959)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Phone:  (415) 394-9400
Fax:    (415) 394-9401
Email: Scott.Jang@jacksonlewis.com
Email: Trey.Sims@jacksonlewis.com

Attorneys for Defendants
SYSCO SAN FRANCISCO, INC. and
SYSCO CORPORATION
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DRAKE, individually, and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO SAN FRANCISCO, INC., a California corporation; SYSCO CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1331 & 1441(a)**<br><br>Complaint Filed: June 23, 2021<br>Trial Date:  Not Set |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants SYSCO SAN FRANCISCO, INC. ("SYSCO SF") and SYSCO CORPORATION[1] ("SYSCO CORP.") (collectively, "Defendants") invoke this Court's jurisdiction under 28 U.S.C. § 1331 and removes, pursuant to 28 U.S.C. §1441, the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Alameda ("Alameda Superior Court").

---

[1] Sysco Corporation is not a proper defendant to this lawsuit. Sysco Corporation is a holding company that has appointed officers but does not have any employees.

1

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331 & 1441(a)

## I. PLEADINGS

1. On June 23, 2021, Plaintiff ERIC DRAKE ("Plaintiff") filed a Complaint against Defendants in Alameda Superior Court, titled, "ERIC DRAKE, individually, and on behalf of other members of the general public similarly situated; Plaintiff, vs. SYSCO SAN FRANCISCO, INC., Inc., a California Corporation; SYSCO CORPORATION, a Delaware corporation; and DOES 1through 100, inclusive, Defendants," Case No. RG21102657.  The Complaint assert a putative class action against Defendants for, among other things, allegedly failing to compensate Plaintiff for all hours worked, including overtime, and denying Plaintiff meal and rest periods.

2. On July 14, 2021, Plaintiff served Defendants with the Summons, Complaint, and related court documents.  True and correct copies of the documents served on SYSCO SF and SYSCO CORP. are attached as **Exhibit A** and **Exhibit B**, respectively.

3. On August 13, 2021, Defendants filed and served their Answer to Plaintiff's Complaint.  A true and correct copy of Defendants' Answer is attached as **Exhibit C**.

## II. FEDERAL QUESTION JURISDICTION UNDER THE LABOR MANAGEMENT RELATIONS ACT

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

5. This action arises under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), 29 U.S.C. § 185, an act of Congress over which this Court has original jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. § 1331.

6. Section 301 provides the basis for federal jurisdiction and authorizes federal courts to develop federal common law in interpreting and applying collective bargaining agreements ("CBAs"). *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988); *Local 174, Teamsters of Am. v. Lucas Flower Co.*, 369 U.S. 95, 103-04 (1962); *Textile Workers Union v. Lincoln Mills*, 355 U.S. 448, 451, 456 (1957).

7. To ensure the uniform interpretation and application of CBAs, Section 301 preempts state law in the interpretation, application and enforcement of CBAs. *Lucas Flower Co.*, 369 U.S. at 103-104; *Lingle*, 486 U.S. at 411.

8. Under the well-established "artful pleading" doctrine, a plaintiff may not avoid Section 301 preemption by omitting from the Complaint any reference to the applicable CBA or federal labor law. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir. 1987). Instead, the district court must look beyond the face of the Complaint to determine whether the plaintiff's claims are either based on rights created by, or require an interpretation of, a CBA. *Id.* at 1049 (stating that "if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted"); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987) (concluding that the district court "properly looked beyond the face of the complaint to determine" whether plaintiff's claim was preempted under Section 301). Thus, the preemptive force of Section 301 "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pled or pleaded complaint rule" thereby making it removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

9. To determine whether a state law claim is preempted by Section 301, courts focus on "whether evaluation of [the state law claim] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Any state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301. *Id.* at 220.

10. Here, Plaintiff was employed by SYSCO SF as a driver from approximately February 2020 to March 2020. (Declaration of Cheri Neaylon ("Neaylon Decl.") ¶ 4.)

11. Plaintiff's employment with SYSCO SF, including Plaintiff's wages, hours, and working conditions, was covered by a CBA between SYSCO SF and TEAMSTERS, LOCAL 853. (Neaylon Decl. ¶ 5). A true and correct copy is attached as **Exhibit 1** to the Neaylon Decl.

12. Plaintiff's First Cause of Action for failure to pay overtime is preempted by Section 301.

    a. This claim is premised on the allegation that Defendants failed to pay Plaintiff overtime wages for hours worked in excess of eight (8) in a day and forty (40) in a week

1  pursuant to California Labor Code section 510.  (*See* Compl. ¶¶ 50-55.)

2     b. California Labor Code section 514, however, provides a collective bargaining exemption to the normal overtime wage requirements under section 510.  Specifically, section 514 provides that the overtime requirements of section 510 "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

   c. The CBA governing Plaintiff's employment with SYSCO SF expressly provided for (1) the wages, hours of work, and working conditions of employees; (2) meal periods for those employees; (3) final and binding arbitration of disputes and grievances; (4) premium wage rates for all overtime hours worked; and (5) a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate. (Neaylon Decl. ¶ 5, Ex. 1.)

   d. Accordingly, resolving the merits of Plaintiff's overtime claim requires an analysis and interpretation of, and is substantially dependent upon the applicable CBA.  The Court must interpret whether the CBA provides for each of the requirements of California Labor Code Section 510.  Therefore, Plaintiff's overtime claim is preempted under Section 301. *See*, *e.g.*, *Blackwell v. Commer. Refrigeration Specialists, Inc.*, Case No. 2:20-cv-01968-KJM-CKD, 2021 U.S. Dist. LEXIS 119212, at *10-12 (E.D. Cal. June 25, 2021) (denying motion to remand PAGA action because the overtime claim underlying the plaintiff's PAGA action was subject to a CBA and Section 301 preemption).

  13. Plaintiff's Sixth Cause of Action for failure to pay wages timely during employment is also preempted by Section 301.

   a. This claim is premised on the allegation that Defendants failed to pay Plaintiff's wages timely during employment in violation of California Labor Code section 204. (Compl. ¶¶ 90-94.)

   b. California Labor Code section 204, however, provides a "collective bargaining exemption" to the normal pay timing requirements.  Specifically, section 204(c)

1  provides that "when employees are covered by a collective bargaining agreement that provides
2  different pay arrangements, those arrangements shall apply to the covered employees." Cal. Lab.
3  Code § 204(c).

4        c.    As explained above, the CBA that governed Plaintiff's employment with
5  SYSCO SF provided for (1) the wages, hours of work, and working conditions of the employees;
6  (2) premium wage rates for all overtime hours worked; and (3) a regular hourly rate of pay for those
7  employees of not less than 30 percent more than the state minimum wage. (Neaylon Decl. ¶ 5, Ex.
8  1.)

9        d.    Accordingly, resolving the merits of Plaintiff's claim for alleged failure to
10  pay wages timely during employment requires an analysis and interpretation of, and is substantially
11  dependent upon the applicable CBA and is preempted under Section 301.

12     14.    Finally, Plaintiff's Third Cause of Action for failure to provide meal periods is also
13  preempted by Section 301.

14        a.    This claim is premised on the allegation that Defendants failed to provide
15  Plaintiff meal periods in violation of California Labor Code section 512. (*See* Compl. ¶¶ 69-76.)

16        b.    California Labor Code section 512, however, provides a "collective
17  bargaining exemption" to its meal period requirements. Specifically, section 512 provides that
18  commercial drivers who are subject to a CBA, such as Plaintiff, are not covered by the meal period
19  requirements of section 512. Cal. Lab. Code § 512(e) and (f).

20        c.    As explained above, the CBA that governed Plaintiff's employment with
21  SYSCO SF provided for (1) the wages, hours of work, and working conditions of the employees;
22  (2) premium wage rates for all overtime hours worked; and (3) a regular hourly rate of pay for
23  those employees of not less than 30 percent more than the state minimum wage. (Neaylon Decl.
24  ¶ 5, Ex. 1.)

25        d.    Accordingly, resolving the merits of Plaintiff's claim for alleged failure to
26  provide meal periods requires an analysis and interpretation of, and is substantially dependent
27  upon the applicable CBA and is preempted under Section 301. *See Blackwell*, 2021 U.S. Dist.
28  LEXIS 119212, at *12 (denying motion to remand PAGA action because the meal period claim

underlying the plaintiff's PAGA action was subject to a CBA and Section 301 preemption).

### III.   SUPPLEMENTAL JURISDICTION

15. Plaintiff's remaining claims arise from the same transactions and rely on identical and/or substantially common facts for resolution. Because the Court has original jurisdiction over Plaintiff's claims for alleged unpaid overtime, untimely wages, and denied meal periods, this Court also has supplemental jurisdiction over Plaintiff's other claims – which arise from the same case or controversy – pursuant to 28 U.S.C. § 1367. *See Blackwell*, 2021 U.S. Dist. LEXIS 119212, at *13 (exercising supplemental jurisdiction over remaining wage and hour claims because they all "arise out of the same employment relationship that gave rise to plaintiff's meal period and overtime claims," which were both preempted under Section 301) (citation omitted).

### IV.   VENUE

16. Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because Plaintiff's Complaint was filed in this district and this is the judicial district in which the action arose.

### V.   TIMELINESS AND OTHER MATTERS

17. Plaintiff served Defendants with the Complaint on July 14, 2021. Defendants' Notice of Removal is timely because it is filed within 30 days of the date in which the case became removable.

18. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of Alameda Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

///
///
///
///
///
///

WHEREFORE, Defendants respectfully request the above action now pending against it in the Alameda Superior Court be removed to the United States District Court for the Northern District of California.

Dated: August 13, 2021  JACKSON LEWIS P.C.

By: */s/Scott P. Jang*
Scott P. Jang
Trey Sims
Attorneys for Defendants
SYSCO SAN FRANCISCO, INC. and SYSCO CORPORATION

4816-8731-7494, v. 1

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331 & 1441(a)