# EXHIBIT A



## CSC

# Notice of Service of Process

null / ALL
**Transmittal Number: 23494804**
**Date Processed: 07/16/2021**

| | |
|---|---|
| Primary Contact: | Walker Essary<br>Sysco Corporation<br>1370 Enclave Pkwy<br>Bldg A<br>Houston, TX 77077-2025 |
| Electronic copy provided to: | Eve McFadden<br>Dawn Becker<br>Barrett Flynn<br>Brenda Becerra |

| | |
|---|---|
| Entity: | Sysco San Francisco, Inc.<br>Entity ID Number  3339620 |
| Entity Served: | Sysco San Francisco, Inc., a California Corporation |
| Title of Action: | Eric Drake vs. Sysco San Francisco, Inc. |
| Matter Name/ID: | Eric Drake vs. Sysco San Francisco, Inc.  (11405176) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Alameda County Superior Court, CA |
| Case/Reference No: | RG21102657 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 07/14/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Edwin Aiwazian<br>182-651-020 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SYSCO SAN FRANCISCO, INC., a California corporation; "Additional
Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC DRAKE, individually, and on behalf of other members of the
general public similarly situated;

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2021

CLERK OF THE SUPERIOR COURT
MARGARET J. DOWND
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of State of California

County of Alameda, Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*

RG 21102658

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Suite. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

| DATE:<br>*(Fecha)* JUN 2 3 2021 | Chad Finke | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SYSCO SAN FRANCISCO, INC.,
a California corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Drake vs. Sysco San Francisco, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [✔] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

SYSCO CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Edwin Aiwazian (SBN 232943)
   **LAWYERS *for* JUSTICE, PC**
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2021

CLERK OF THE SUPERIOR COURT
MARGARET J. DOWNL
Deputy

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF ALAMEDA

10 ERIC DRAKE, individually, and on behalf of       Case No.: RG21102658
   other members of the general public similarly
11 situated;                                         **CLASS ACTION COMPLAINT FOR
                                                     DAMAGES**
12              Plaintiff,
                                                     (1)  Violation of California Labor Code
13         vs.                                            §§ 510 and 1198 (Unpaid
                                                          Overtime);
14 SYSCO SAN FRANCISCO, INC., a                      (2)  Violation of California Labor Code
   California corporation; SYSCO                         §§ 226.7 and 512(a) (Unpaid Meal
15 CORPORATION, a Delaware corporation;                  Period Premiums);
   and DOES 1 through 100, inclusive,                (3)  Violation of California Labor Code
16                                                       § 226.7 (Unpaid Rest Period
                Defendants.                               Premiums);
17                                                   (4)  Violation of California Labor Code
                                                         §§ 1194, 1197, and 1197.1 (Unpaid
18                                                        Minimum Wages);
                                                     (5)  Violation of California Labor Code
19                                                       §§ 201 and 202 (Final Wages Not
                                                         Timely Paid);
20                                                   (6)  Violation of California Labor Code
                                                         § 204 (Wages Not Timely Paid
21                                                        During Employment);
                                                     (7)  Violation of California Labor Code
22                                                       § 226(a) (Non-Compliant Wage
                                                         Statements);
23                                                   (8)  Violation of California Labor Code
                                                         § 1174(d) (Failure To Keep
24                                                        Requisite Payroll Records);
                                                     (9)  Violation of California Labor Code
25                                                       §§ 2800 and 2802 (Unreimbursed
                                                         Business Expenses);
26                                                   (10) Violation of California Business &
                                                         Professions Code §§ 17200, et seq.
27
                                                     **DEMAND FOR JURY TRIAL**
28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1    COMES NOW, Plaintiff ERIC DRAKE ("Plaintiff"), individually, and on behalf of

2    other members of the general public similarly situated, and alleges as follows:

3                          **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to the California Code of Civil Procedure

5    section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.  The

7    "amount in controversy" for the named Plaintiff, including but not limited to claims for

8    compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of

9    attorneys' fees, is less than seventy-five thousand dollars ($75,000).

10   2.    This Court has jurisdiction over this action pursuant to the California

11   Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

12   other causes" except those given by statute to other courts.  The statutes under which this

13   action is brought do not specify any other basis for jurisdiction.

14   3.    This Court has jurisdiction over Defendants because, upon information and

15   belief, Defendants are  citizens of California, have sufficient minimum contacts in California,

16   or otherwise intentionally avail themselves of the California market so as to render the exercise

17   of jurisdiction over them by California courts consistent with traditional notions of fair play

18   and substantial justice.

19   4.    Venue is proper in this Court because, upon information and belief, Defendants

20   maintain offices, have agents, employ individuals, and/or transact business in the State of

21   California, County of Alameda.  The majority of acts and omissions alleged herein relating to

22   Plaintiff and the other class members took place in the State of California, including the County

23   of Alameda.  At all relevant times, Defendants maintained their headquarters/"nerve center"

24   within the State of California, County of Alameda.

25                                **PARTIES**

26   5.    Plaintiff ERIC DRAKE is an individual residing in the State of California,

27   County of Alameda.

28   ///

*Left margin (vertical):* LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    6.    Defendant SYSCO SAN FRANCISCO, INC., at all times herein mentioned, was

2  and is, upon information and belief, a California corporation and, at all times herein

3  mentioned, an employer whose employees are engaged throughout the State of California,

4  including the County of Alameda.

5    7.    Defendant SYSCO CORPORATION, at all times herein mentioned, was and is,

6  upon information and belief, an employer whose employees are engaged throughout the State of

7  California, including the County of Alameda.

8    8.    At all relevant times, Defendants SYSCO SAN FRANCISCO, INC. and SYSCO

9  CORPORATION were the "employer" of Plaintiff within the meaning of all applicable

10  California laws and statutes.

11    9.    At all times herein relevant, Defendants SYSCO SAN FRANCISCO, INC.,

12  SYSCO CORPORATION, and DOES 1 through 100, and each of them, were the agents,

13  partners, joint venturers, joint employers, representatives, servants, employees, successors-in-

14  interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were

15  acting within the course and scope of their authority as such agents, partners, joint venturers,

16  joint employers, representatives, servants, employees, successors, co-conspirators and/or

17  assigns, and all acts or omissions alleged herein were duly committed with the ratification,

18  knowledge, permission, encouragement, authorization and/or consent of each defendant

19  designated as a DOE herein.

20    10.    The true names and capacities, whether corporate, associate, individual or

21  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue

22  said defendants by such fictitious names. Plaintiff is informed and believes, and based on that

23  information and belief alleges, that each of the defendants designated as a DOE is legally

24  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

25  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

26  Plaintiff will seek leave of court to amend this Complaint to show the true names and

27  capacities when the same have been ascertained.

28  ///

11. Defendant SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13. Plaintiff bring this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14. The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.

(Subclass A.) All class members who were required by Defendants to stay on Defendants' premises for rest breaks.

(Subclass B.) All class members who were subject to Defendants' practice of rounding time recorded for purposes of calculating compensation for time worked or for calculating meal periods.

15. Plaintiff reserves the right to establish subclasses as appropriate.

16. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.  Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.  Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.  Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.    Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.    Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.    Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

k.    Whether Defendants' conduct was willful or reckless;

l.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

m.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

18.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Alameda.

19.    Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately February 2020 to approximately March 2020, in the State of California, County of Alameda.

20.    Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

21.    Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

22.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    25.    Plaintiff and the other class members worked over eight (8) hours in a day,
2    and/or forty (40) hours in a week during their employment with Defendants.

3    26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
4    engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt
5    employees within the State of California. This pattern and practice involved, *inter alia*, failing
6    to pay them for all regular and/or overtime wages earned and for missed meal periods and rest
7    breaks in violation of California law.

8    27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
9    knew or should have known that Plaintiff and the other class members were entitled to receive
10   certain wages for overtime compensation and that they were not receiving accurate overtime
11   compensation for all overtime hours worked.

12   28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
13   failed to provide Plaintiff and the other class members all required rest and meal periods during
14   the relevant time period as required under the Industrial Welfare Commission Wage Orders
15   and thus they are entitled to any and all applicable penalties.

16   29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
17   knew or should have known that Plaintiff and the other class members were entitled to receive
18   all meal periods or payment of one additional hour of pay at Plaintiff's and the other class
19   member's regular rate of pay when a meal period was missed, and they did not receive all meal
20   periods or payment of one additional hour of pay at Plaintiff's and the other class member's
21   regular rate of pay when a meal period was missed.

22   30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
23   knew or should have known that Plaintiff and the other class members were entitled to receive
24   all rest periods or payment of one additional hour of pay at Plaintiff's and the other class
25   member's regular rate of pay when a rest period was missed, and they did not receive all rest
26   periods or payment of one additional hour of pay at Plaintiff's and the other class members'
27   regular rate of pay when a rest period was missed.

28   ///

1    31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
2  knew or should have known that Plaintiff and the other class members were entitled to receive
3  at least minimum wages for compensation and that they were not receiving at least minimum
4  wages for all hours worked.

5    32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
6  knew or should have known that Plaintiff and the other class members were entitled to receive
7  all wages owed to them upon discharge or resignation, including overtime and minimum wages
8  and meal and rest period premiums, and they did not, in fact, receive all such wages owed to
9  them at the time of their discharge or resignation.

10    33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
11  knew or should have known that Plaintiff and the other class members were entitled to receive
12  all wages owed to them during their employment.  Plaintiff and the other class members did
13  not receive payment of all wages, including overtime and minimum wages and meal and rest
14  period premiums, within any time permissible under California Labor Code section 204.

15    34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
16  knew or should have known that Plaintiff and the other class members were entitled to receive
17  complete and accurate wage statements in accordance with California law but, in fact, they did
18  not receive complete and accurate wage statements from Defendants.  The deficiencies
19  included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the
20  other class members.

21    35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
22  knew or should have known that Defendants had to keep complete and accurate payroll records
23  for Plaintiff and the other class members in accordance with California law, but, in fact, did
24  not keep complete and accurate payroll records.

25    36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
26  knew or should have known that Plaintiff and the other class members were entitled to
27  reimbursement for necessary business-related expenses.
28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

38. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

39. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

40. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

41. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

42. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

43. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

44. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

45. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

46. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    47.    California Labor Code section 218 states that nothing in Article 1 of the Labor
2    Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty
3    due to him [or her] under this article."

### FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,
### and DOES 1 through 100)

8    48.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1
9    through 47, and each and every part thereof with the same force and effect as though fully set
10   forth herein.

11   49.    California Labor Code section 1198 and the applicable Industrial Welfare
12   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without
13   compensating them at a rate of pay either time-and-one-half or two-times that person's regular
14   rate of pay, depending on the number of hours worked by the person on a daily or weekly
15   basis.

16   50.    Specifically, the applicable IWC Wage Order provides that Defendants are and
17   were required to pay Plaintiff and the other class members employed by Defendants, and
18   working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the
19   rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more
20   than forty (40) hours in a workweek.

21   51.    The applicable IWC Wage Order further provides that Defendants are and were
22   required to pay Plaintiff and the other class members overtime compensation at a rate of two
23   times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

24   52.    California Labor Code section 510 codifies the right to overtime compensation
25   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours
26   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day
27   of work, and to overtime compensation at twice the regular hourly rate for hours worked in
28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

2  of work.

3      53.    During the relevant time period, Plaintiff and the other class members worked in

4  excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

5      54.    During the relevant time period, Defendants intentionally and willfully failed to

6  pay overtime wages owed to Plaintiff and the other class members.

7      55.    Defendants' failure to pay Plaintiff and the other class members the unpaid

8  balance of overtime compensation, as required by California laws, violates the provisions of

9  California Labor Code sections 510 and 1198, and is therefore unlawful.

10     56.    Pursuant to California Labor Code section 1194, Plaintiff and the other class

11  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

12  attorneys' fees.

13                    **SECOND CAUSE OF ACTION**

14         **(Violation of California Labor Code §§ 226.7 and 512(a))**

15         **(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

16                    **and DOES 1 through 100)**

17     57.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

18  through 56, and each and every part thereof with the same force and effect as though fully set

19  forth herein.

20     58.    At all relevant times, the IWC Order and California Labor Code sections 226.7

21  and 512(a) were applicable to Plaintiff's and the other class members' employment by

22  Defendants.

23     59.    At all relevant times, California Labor Code section 226.7 provides that no

24  employer shall require an employee to work during any meal or rest period mandated by an

25  applicable order of the California IWC.

26     60.    At all relevant times, the applicable IWC Wage Order and California Labor

27  Code section 512(a) provide that an employer may not require, cause or permit an employee to

28  work for a work period of more than five (5) hours per day without providing the employee

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   with a meal period of not less than thirty (30) minutes, except that if the total work period per
2   day of the employee is no more than six (6) hours, the meal period may be waived by mutual
3   consent of both the employer and employee.

4        61.     At all relevant times, the applicable IWC Wage Order and California Labor
5   Code section 512(a) further provide that an employer may not require, cause or permit an
6   employee to work for a work period of more than ten (10) hours per day without providing the
7   employee with a second uninterrupted meal period of not less than thirty (30) minutes, except
8   that if the total hours worked is no more than twelve (12) hours, the second meal period may
9   be waived by mutual consent of the employer and the employee only if the first meal period
10  was not waived.

11       62.     During the relevant time period, Plaintiff and the other class members who were
12  scheduled to work for a period of time no longer than six (6) hours, and who did not waive
13  their legally-mandated meal periods by mutual consent, were required to work for periods
14  longer than five (5) hours without an uninterrupted meal period of not less than thirty (30)
15  minutes and/or rest period.

16       63.     During the relevant time period, Plaintiff and the other class members who were
17  scheduled to work for a period of time in excess of six (6) hours were required to work for
18  periods longer than five (5) hours without an uninterrupted meal period of not less than thirty
19  (30) minutes and/or rest period.

20       64.     During the relevant time period, Defendants intentionally and willfully required
21  Plaintiff and the other class members to work during meal periods and failed to compensate
22  Plaintiff and the other class members the full meal period premium for work performed during
23  meal periods.

24       65.     During the relevant time period, Defendants failed to pay Plaintiff and the other
25  class members the full meal period premium due pursuant to California Labor Code section
26  226.7.

27       66.     Defendants' conduct violates applicable IWC Wage Order and California Labor
28  Code sections 226.7 and 512(a).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    67.    Pursuant to applicable IWC Wage Order and California Labor Code section

2  226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

3  additional hour of pay at the employee's regular rate of compensation for each work day that

4  the meal or rest period is not provided.

5                              **THIRD CAUSE OF ACTION**

6                         **(Violation of California Labor Code § 226.7)**

7            **(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

8                              **and DOES 1 through 100)**

9    68.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

10  through 67, and each and every part thereof with the same force and effect as though fully set

11  forth herein.

12    69.    At all times herein set forth, the applicable IWC Wage Order and California

13  Labor Code section 226.7 were applicable to Plaintiff's and the other class members'

14  employment by Defendants.

15    70.    At all relevant times, California Labor Code section 226.7 provides that no

16  employer shall require an employee to work during any rest period mandated by an applicable

17  order of the California IWC.

18    71.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

19  employer shall authorize and permit all employees to take rest periods, which insofar as

20  practicable shall be in the middle of each work period" and that the "rest period time shall be

21  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

22  hours or major fraction thereof" unless the total daily work time is less than three and one-half

23  (3 ½) hours.

24    72.    During the relevant time period, Defendants required Plaintiff and other class

25  members to work four (4) or more hours without authorizing or permitting a ten (10) minute

26  rest period per each four (4) hour period worked.

27  ///

28  ///

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

73.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

74.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

75.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

76.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

**and DOES 1 through 100)**

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

79.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

80.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance

1  of their minimum wage compensation as well as interest, costs, and attorney's fees, and

2  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

3      81.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class

4  members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each

5  employee minimum wages, and $250.00 for each subsequent failure to pay each employee

6  minimum wages.

7      82.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class

8  members are entitled to recover liquidated damages in an amount equal to the wages

9  unlawfully unpaid and interest thereon.

10                          **FIFTH CAUSE OF ACTION**

11                  **(Violation of California Labor Code §§ 201 and 202)**

12          **(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

13                          **and DOES 1 through 100)**

14      83.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

15  through 82, and each and every part thereof with the same force and effect as though fully set

16  forth herein.

17      84.    At all relevant times herein set forth, California Labor Code sections 201 and

18  202 provide that  if an employer discharges an employee, the wages earned and unpaid at the

19  time of discharge are due and payable immediately, and if an employee quits his or her

20  employment, his or her wages shall become due and payable not later than seventy-two (72)

21  hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her

22  intention to quit, in which case the employee is entitled to his or her wages at the time of

23  quitting.

24      85.    During the relevant time period, Defendants intentionally and willfully failed to

25  pay Plaintiff and the other class members who are no longer employed by Defendants their

26  wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

27      86.    Defendants' failure to pay Plaintiff and the other class members who are no

28  longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72)

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

1 hours of their leaving Defendants' employ, is in violation of California Labor Code sections

2 201 and 202.

3     87.    California Labor Code section 203 provides that if an employer willfully fails to

4 pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

5 shall continue as a penalty from the due date thereof at the same rate until paid or until an

6 action is commenced; but the wages shall not continue for more than thirty (30) days.

7     88.    Plaintiff and the other class members are entitled to recover from Defendants the

8 statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

9 pursuant to California Labor Code section 203.

10 **SIXTH CAUSE OF ACTION**

11 **(Violation of California Labor Code § 204)**

12 **(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

13 **and DOES 1 through 100)**

14     89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

15 through 88, and each and every part thereof with the same force and effect as though fully set

16 forth herein.

17     90.    At all times herein set forth, California Labor Code section 204 provides that all

18 wages earned by any person in any employment between the 1st and 15th days, inclusive, of

19 any calendar month, other than those wages due upon termination of an employee, are due and

20 payable between the 16th and the 26th day of the month during which the labor was

21 performed.

22     91.    At all times herein set forth, California Labor Code section 204 provides that all

23 wages earned by any person in any employment between the 16th and the last day, inclusive,

24 of any calendar month, other than those wages due upon termination of an employee, are due

25 and payable between the 1st and the 10th day of the following month.

26     92.    At all times herein set forth, California Labor Code section 204 provides that all

27 wages earned for labor in excess of the normal work period shall be paid no later than the

28 payday for the next regular payroll period.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

93. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

94. Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

**SEVENTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

**and DOES 1 through 100)**

95. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

97. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include,

1  but are not limited to: the failure to include the total number of hours worked by Plaintiff and
2  the other class members.

3     98.    As a result of Defendants' violation of California Labor Code section 226(a),
4  Plaintiff and the other class members have suffered injury and damage to their statutorily-
5  protected rights.

6     99.    More specifically, Plaintiff and the other class members have been injured by
7  Defendants' intentional and willful violation of California Labor Code section 226(a) because
8  they were denied both their legal right to receive, and their protected interest in receiving,
9  accurate and itemized wage statements pursuant to California Labor Code section 226(a).

10    100.   Plaintiff and the other class members are entitled to recover from Defendants the
11  greater of their actual damages caused by Defendants' failure to comply with California Labor
12  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per
13  employee.

14    101.   Plaintiff and the other class members are also entitled to injunctive relief to
15  ensure compliance with this section, pursuant to California Labor Code section 226(h).

16                          **EIGHTH CAUSE OF ACTION**

17               **(Violation of California Labor Code § 1174(d))**

18            **(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

19                        **and DOES 1 through 100)**

20    102.   Plaintiff incorporates by reference the allegations contained in paragraphs 1
21  through 101, and each and every part thereof with the same force and effect as though fully set
22  forth herein.

23    103.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a
24  central location in the state or at the plants or establishments at which employees are
25  employed, payroll records showing the hours worked daily by and the wages paid to, and the
26  number of piece-rate units earned by and any applicable piece rate paid to, employees
27  employed at the respective plants or establishments.  These records shall be kept in accordance
28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 with rules established for this purpose by the commission, but in any case shall be kept on file
2 for not less than two years.

3    104.    Defendants have intentionally and willfully failed to keep accurate and complete
4 payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other
5 class members.

6    105.    As a result of Defendants' violation of California Labor Code section 1174(d),
7 Plaintiff and the other class members have suffered injury and damage to their statutorily-
8 protected rights.

9    106.    More specifically, Plaintiff and the other class members have been injured by
10 Defendants' intentional and willful violation of California Labor Code section 1174(d) because
11 they were denied both their legal right and protected interest, in having available, accurate and
12 complete payroll records pursuant to California Labor Code section 1174(d).

**NINTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

**and DOES 1 through 100)**

17    107.    Plaintiff incorporates by reference the allegations contained in paragraphs 1
18 through 106, and each and every part thereof with the same force and effect as though fully set
19 forth herein.

20    108.    Pursuant to California Labor Code sections 2800 and 2802, an employer must
21 reimburse its employee for all necessary expenditures incurred by the employee in direct
22 consequence of the discharge of his or her job duties or in direct consequence of his or her
23 obedience to the directions of the employer.

24    109.    Plaintiff and the other class members incurred necessary business-related
25 expenses and costs that were not fully reimbursed by Defendants.

26    110.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the
27 other class members for all necessary business-related expenses and costs.

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   111.   Plaintiff and the other class members are entitled to recover from Defendants

2   their business-related expenses and costs incurred during the course and scope of their

3   employment, plus interest accrued from the date on which the employee incurred the necessary

4   expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against SYSCO SAN FRANCISCO, INC., SYSCO CORPORATION,**

**and DOES 1 through 100)**

9   112.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

10  through 111, and each and every part thereof with the same force and effect as though fully set

11  forth herein.

12  113.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13  unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

14  competitors. Accordingly, Plaintiff seek to enforce important rights affecting the public

15  interest within the meaning of Code of Civil Procedure section 1021.5.

16  114.   Defendants' activities as alleged herein are violations of California law, and

17  constitute unlawful business acts and practices in violation of California Business &

18  Professions Code section 17200, et seq.

19  115.   A violation of California Business & Professions Code section 17200, et seq.

20  may be predicated on the violation of any state or federal law. In this instant case, Defendants'

21  policies and practices of requiring employees, including Plaintiff and the other class members,

22  to work overtime without paying them proper compensation violate California Labor Code

23  sections 510 and 1198. Additionally, Defendants' policies and practices of requiring

24  employees, including Plaintiff and the other class members, to work through their meal and

25  rest periods without paying them proper compensation violate California Labor Code sections

26  226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate

27  California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and

28  practices of failing to timely pay wages to Plaintiff and the other class members violate

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor
2  Code sections 226(a), 1174(d), 2800 and 2802.

3    116.   As a result of the herein described violations of California law, Defendants
4  unlawfully gained an unfair advantage over other businesses.

5    117.   Plaintiff and the other class members have been personally injured by
6  Defendants' unlawful business acts and practices as alleged herein, including but not
7  necessarily limited to the loss of money and/or property.

8    118.   Pursuant to California Business & Professions Code sections 17200, et seq.,
9  Plaintiff and the other class members are entitled to restitution of the wages withheld and
10  retained by Defendants during a period that commences four years preceding the filing of this
11  Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section
12  1021.5 and other applicable laws; and an award of costs.

13                          **DEMAND FOR JURY TRIAL**

14    Plaintiff, individually, and on behalf of other members of the general public similarly
15  situated, requests a trial by jury.

16                             **PRAYER FOR RELIEF**

17    WHEREFORE, Plaintiff, individually, and on behalf of other members of the general
18  public similarly situated, prays for relief and judgment against Defendants, jointly and
19  severally, as follows:

20                             **Class Certification**

21    1.    That this action be certified as a class action;

22    2.    That Plaintiff be appointed as the representative of the Class;

23    3.    That counsel for Plaintiff be appointed as Class Counsel; and

24    4.    That Defendants provide to Class Counsel immediately the names and most
25  current/last known contact information (address, e-mail and telephone numbers) of all class
26  members.

27  ///

28  ///

1

**As to the First Cause of Action**

2     5.     That the Court declare, adjudge and decree that Defendants violated California

3  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay

4  all overtime wages due to Plaintiff and the other class members;

5     6.     For general unpaid wages at overtime wage rates and such general and special

6  damages as may be appropriate;

7     7.     For pre-judgment interest on any unpaid overtime compensation commencing

8  from the date such amounts were due;

9     8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

10  California Labor Code section 1194; and

11     9.     For such other and further relief as the Court may deem just and proper.

12

**As to the Second Cause of Action**

13     10.    That the Court declare, adjudge and decree that Defendants violated California

14  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

15  provide all meal periods (including second meal periods) to Plaintiff and the other class

16  members;

17     11.    That the Court make an award to Plaintiff and the other class members of one

18  (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

19  period was not provided;

20     12.    For all actual, consequential, and incidental losses and damages, according to

21  proof;

22     13.    For premium wages pursuant to California Labor Code section 226.7(c);

23     14.    For pre-judgment interest on any unpaid wages from the date such amounts

24  were due;

25     15.    For reasonable attorneys' fees and costs of suit incurred herein; and

26     16.    For such other and further relief as the Court may deem just and proper.

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Third Cause of Action**

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Fifth Cause of Action**

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

36.    For all actual, consequential, and incidental losses and damages, according to proof;

37.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

38.    For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.    For actual, consequential and incidental losses and damages, according to proof;

41.    For statutory penalties pursuant to California Labor Code section 226(e);

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    42.    For injunctive relief to ensure compliance with this section, pursuant to

2    California Labor Code section 226(h); and

3    43.    For such other and further relief as the Court may deem just and proper.

4    **As to the Eighth Cause of Action**

5    44.    That the Court declare, adjudge and decree that Defendants violated California

6    Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records

7    for Plaintiff and the other class members as required by California Labor Code section

8    1174(d);

9    45.    For actual, consequential and incidental losses and damages, according to proof;

10   46.    For statutory penalties pursuant to California Labor Code section 1174.5; and

11   47.    For such other and further relief as the Court may deem just and proper.

12   **As to the Ninth Cause of Action**

13   48.    That the Court declare, adjudge and decree that Defendants violated California

14   Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other

15   class members for all necessary business-related expenses as required by California Labor

16   Code sections 2800 and 2802;

17   49.    For actual, consequential and incidental losses and damages, according to proof;

18   50.    For the imposition of civil penalties and/or statutory penalties;

19   51.    For reasonable attorneys' fees and costs of suit incurred herein; and

20   52.    For such other and further relief as the Court may deem just and proper.

21   **As to the Tenth Cause of Action**

22   53.    That the Court decree, adjudge and decree that Defendants violated California

23   Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the

24   other class members all overtime compensation due to them, failing to provide all meal and

25   rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to

26   Plaintiff and the other class members, failing to pay Plaintiff's and the other class members'

27   wages timely as required by California Labor Code section 201, 202 and 204 and by violating

28   California Labor Code sections 226(a), 1174(d), 2800 and 2802.

1     54.    For restitution of unpaid wages to Plaintiff and all the other class members and

2  all pre-judgment interest from the day such amounts were due and payable;

3     55.    For the appointment of a receiver to receive, manage and distribute any and all

4  funds disgorged from Defendants and determined to have been wrongfully acquired by

5  Defendants as a result of violation of California Business and Professions Code sections

6  17200, et seq.;

7     56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

8  California Code of Civil Procedure section 1021.5;

9     57.    For injunctive relief to ensure compliance with this section, pursuant to

10  California Business and Professions Code sections 17200, et seq.; and

11     58.    For such other and further relief as the Court may deem just and proper.

12  Dated: June 22, 2021             **LAWYERS *for* JUSTICE, PC**

13

14                     By:

15                         Edwin Aiwazian
                           *Attorneys for* Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Edwin Aiwazian (State Bar No. 232943)
LAWYERS for JUSTICE, PC
410 Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020   FAX NO. *(Name)*: (818) 265-1021
ATTORNEY FOR *(Name)*: Plaintiff Eric Drake

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Drake vs. Sysco San Francisco, Inc., et al.

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

JUN 2 3 2021

CLERK OF THE SUPERIOR COURT
MARGARET T. [           ] Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG21102685 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*:  Ten
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2021
Edwin Aiwazian
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

Lawyers for Justice, PC
Attn: Alwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA   91203

Sysco San Francisco, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Drake
                              Plaintiff/Petitioner(s)
                VS.

Sysco San Francisco, Inc.
                          Defendant/Respondent(s)
               (Abbreviated Title)

No. RG21102657

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/03/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/07/2021    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/23/2021        Chad Finke  Executive Officer / Clerk of the Superior Court

By  _Dennefer Oh_ Digital

_____
Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/24/2021.

By  _Dennefer Oh_ Digital

_____
Deputy Clerk

F. ADDENDUM TO CIVIL CASE COVER SHEET

Unified Rules of the Superior Court of California, County of Alameda

| Short Title: | Case Number: |
|---|---|
| Drake vs. Sysco San Francisco, Inc., et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13